UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JOSEPH "JOEY" E. DODD, JR, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 1:06-CV-56 |
| ) | |
| WOODS MEMORIAL HOSPITAL, ) | *Chief United States District Judge Collier* |
| McMINN COUNTY JUSTICE CENTER, ) | |
| SHERIFF STEVE FRISBIE, CHIEF TIM ) | |
| SMITH, LIEUTENANT PENNI PALMER, ) | |
| SERGEANT RICK CLAYTON, NURSE ) | |
| KAY STANSBERRY, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Plaintiff Joseph "Joey" E. Dodd, Jr. ("Plaintiff") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Presently before the Court are Defendants Steve Frisbie, Tim Smith, Penni Palmer, McMinn County Justice Center, and Rick Clayton's ("Defendants") motion for an extension of time in which to file a response (Court File No. 27) and their response to the Court's Show Cause Order (Court File No. 28).

In Defendants' response to the Show Cause Order, Defendants explain their failure to file a response subsequent to being served as follows: "[T]hey were of the impression that this *pro se* prisoner was still attempting to comply with the Court's initial order regarding service packets, etc." (Court File No. 28). Defendants' excuse for failing to file a response is unpersuasive. The Court ordered Defendants to respond to the complaint within thirty days from the date of service (Court File No. 6). Defendants were served on July 5, 2006; thus, their response was due on or before August 4, 2006. Defendants were served and required to answer as ordered regardless of any assumed non-compliance with the Court's Order on the part of Plaintiff. Such a perception on the

part of Defendants does not excuse their failure to comply with the Court's Order or justify their request for a thirty-day extension of time in which to file an answer. Therefore, Defendants' motion (Court File No. 27) is **GRANTED** to the extent that Defendants **SHALL** file a response on or before **Monday, November 6, 2006.**

Also presently before the Court is Plaintiff's motion for default judgment (Court File No. 21). The Federal Rules of Civil Procedure require a defendant to serve an answer within twenty days of being served with a summons and complaint. FED. R. CIV. P. 12(a)(1)(A).[1] If a defendant fails to respond or defend an action, the clerk is authorized to enter a default, FED. R. CIV. P. 55(a), and the Court may then enter a default judgment against such party. FED. R. CIV. P. 55(b).

Prior to obtaining a default judgment, there must be an entry of default as provided in FED. R. CIV. P. 55(a). Proper procedure mandates Plaintiff must first seek the entry of a default from the Clerk of court and only after entry may Plaintiff then move for a default judgment. Presently, Plaintiff has failed to first move for entry of default. Accordingly, as Plaintiff is not on proper procedural footing, the Court **DENIES** Plaintiff's motion for default judgment (Court File No. 21).[2]

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] In this case, the Court generously ordered a response to be served within thirty days.

[2] In addition, Defendants have notified the Court they are in the process of hiring counsel.